Davis, J.
In February, 1883, the commissioners of Franklin county contracted with the recorder to prepare an index of deeds and mortgages according to a special plan, for a stipulated price, “said indexing with respect to names of the several parties to each instrument to be done as now required by law.” The only specific provisions of law relating to this subject were then, as now, Sections 1153, 1153a, 1154 and 1155, Revised Statutes. This contract was performed by the recorder then in office; and the indexes thus completed have been kept up by the successors in the recorder’s office until November 1, 1905, at which time the commissioners of the county notified the recorder that they would no longer pay for keeping up these indexes. Upon receiving this notice, the recorder discontinued the indexes which had been completed and kept up under the contract made in 1883, but continued to make the indexes required by Sections 1153 and 1153a. The prosecuting attorney then instituted this proceeding to compel the recorder to keep up, without compensation, the indexes which he had discontinued after notice from the commissioners that they would no longer pay for the work. The circuit court found that the recorder had been, and was, complying with the requirements of Sections' 1153 and 1153a, except in some details which the court ordered to be corrected; that the indexes which arq the subject of this litigation are not the indexes required by Section 1153a; and. that the relator is not entitled to a writ of mandamus commanding the recorder to bring up to date the indexes in controversy and to keep up the same in *5 the future. The circuit court also refused to state as a conclusion of law, as requested by the relator, that the indexes which the recorder has refused to continue without compensation are not indexes authorized by Section 1154, Revised Statutes.
The only provision for “general indexes” is in Section 1154, and there it is provided that such indexes shall be made “in addition to the alphabetical indexes,” that is, separate, and distinct therefrom. The distinctive characteristic of such general indexes is that they present at a glance a sort of abstract of the conveyance in addition to an alphabetical reference to the conveyance itself; and they present also a means of tracing all the conveyances and instruments affecting the title to any particular piece of real estate. These are matters of great convenience and value, especially in populous communities where the records are voluminous. The circuit court has stated in its findings of fact in this case that the general indexes contain the names of both parties to the instrument alphabetically arranged under appropriate headings, the year when filed for record, the reference to the volume and the page thereof where the instrument is recorded, and a summary description of the property conveyed, by reference to the town or township, lot, section or survey, addition or subdivision in which the property is located. The description of the indexes which are the subject of this controversy, as found by the circuit court, brings them clearly within the provisions of Sections 1154 and 1155; and they are not provided for or required by any other sections. These “gen *6 eral indexes” are to be made only when in the opinion of the county commissioners they are needed and they so direct; but the power to direct and the obligation to pay are reciprocal; for, while the recorder shall make the indexes when directed by the commissioners, the statute is just as imperative that he shall receive compensation. So that when the commissioners notified the recorder that they would no longer pay for the service, the latter was necessarily relieved from the duty of further performing it.
The relator insists, however, that whether or not these “general indexes” are authorized by Section 1154, they having been made, the recorder is required by Section 1155 to “keep up the same;” but here again the reciprocal nature of the obligation, on one side, to perform the service and, on the other side, to pay for it is carefully preserved, and it follows that when the commissioners notified the recorder, in advance, that they would not pay, they absolved him from that obligation to perform which was based on their obligation to pay.
The circuit court found that the recorder has substantially complied with the requirements of Sections 1153 and 1153a, and we think that its conclusions in that respect were also correct. The judgment of the circuit court is

Affirmed.

Shauck, C. J., Price, Crew, Summers and Spear, JJ., concur.